Filed 5/21/14  P. v. Duran CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# THIRD APPELLATE DISTRICT

## (Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C074760 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01669) |
| v. | |
| DEVON LEE DURAN, | |
| Defendant and Appellant. | |

Based upon Sacramento County Sheriff's Deputies Greg Saunders and Wes Pittman finding defendant Devon Lee Duran, a felon, in possession of a loaded firearm, defendant was convicted by a jury of possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)—count one)[1] and possession of ammunition by a felon (§ 30305, subd. (a)(1)—count two).  Defendant admitted having served four prior prison terms.

---

[1] Undesignated statutory references are to the Penal Code.

(§ 667.5, subd. (b).)  Defendant was sentenced to six years in state prison, consisting of two years concurrent on counts one and two, plus one year for each prior prison term.[2]

Defendant's sole contention on appeal is that the concurrent two-year prison term imposed for count two must be stayed pursuant to section 654.  We, like the People, agree.  We shall affirm the judgment as modified.

## DISCUSSION

In *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*), an officer searched the defendant and found a loaded Makarov nine-millimeter handgun in his pants pocket.  (*Id.* at p. 135.)  The defendant was convicted of unlawful possession of a firearm (former § 12021, subd. (e)) and unlawful possession of ammunition (former § 12316, subd. (b)(1)), and found by the court to have a prior strike conviction.  (*Lopez*, at p. 134.)  He was sentenced to state prison for concurrent terms of six years for these offenses.  (*Ibid.*)

On appeal, the defendant argued that the sentence for the unlawful possession of ammunition should be stayed because possession of the firearm and ammunition was an " 'indivisible course of conduct.' "  (*Lopez*, *supra*, 119 Cal.App.4th at p. 137.)  *Lopez* agreed stating, "In resolving section 654 issues, our California Supreme Court has recently stated that appellate courts should not 'parse[] the objectives too finely.' [Citation.]  To allow multiple punishment for possessing ammunition in a firearm would, in our judgment, parse the objectives too finely.  While there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, the instant case is not one of them.  Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment."  (*Lopez,* at p. 138.)

---

[2]  Defendant also received two years in a separate case for possession of an unlawful substance, that term to run concurrent to the term in the present case.

We, like the People, find *Lopez* essentially factually indistinguishable from the instant case and its reasoning persuasive.  Accordingly, we shall order the two-year prison term imposed for the unlawful possession of ammunition (count two) stayed.

## DISPOSITION

The two-year concurrent term imposed on count two is ordered stayed pursuant to section 654.  The trial court is directed to prepare an amended abstract of judgment reflecting this change and forward a certified copy to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.


         BUTZ         , J.


We concur:


      BLEASE      , Acting P. J.


      HOCH      , J.